**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
_____
                               )
DAVID L. CALDWELL,             )
                               )
         Plaintiff,            )
                               )
    v.                         )   Civ. Action No. 17-1043 (EGS)
                               )
EMPLOYEES' COMPENSATION        )
APPEALS BOARD,                 )
                               )
         Defendant.            )
_____)
```

## MEMORANDUM OPINION

*Pro se* plaintiff David L. Caldwell alleges that he was injured in July 2009 while employed at the National Gallery of Art. *See* Complaint at 2, 12, ECF No. 1-1.[1] After incurring the injury, Mr. Caldwell claimed that he was unable to work and sought compensation from the government. *See* Complaint at 11-13, 16. Although Mr. Caldwell's barebones complaint does not specify the avenues through which he sought compensation for his disability, papers attached to the complaint do make clear that, in December 2016, Mr. Caldwell filed an appeal of his disability compensation decision with the Employees' Compensation Appeals Board ("ECAB"). *See* Complaint at 8, 11. Apparently unhappy with ECAB's decision, Mr. Caldwell filed a lawsuit against ECAB in

---

[1] For ease of reference, the Court cites to the page numbers designated by the Electronic Case Filing system when citing to the parties' pleadings.

the Superior Court for the District of Columbia. *See* Complaint at 2. ECAB subsequently removed the action to federal court and filed the instant motion to dismiss Mr. Caldwell's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. For the reasons set forth below, the Court grants defendant's motion and dismisses this case for lack of jurisdiction.

## I. STANDARD OF REVIEW

Federal district courts are courts of limited jurisdiction, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994), and a Rule 12(b)(1) motion for dismissal presents a threshold challenge to a court's jurisdiction, *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987). To survive a Rule 12(b)(1) motion, the plaintiff bears the burden of establishing that the court has jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

Because Rule 12(b)(1) concerns a court's ability to hear a particular claim, "the court must scrutinize the plaintiff's allegations more closely when considering a motion to dismiss pursuant to Rule 12(b)(1) than it would under a motion to dismiss pursuant to Rule 12(b)(6)." *Schmidt v. U.S. Capitol Police Bd.*, 826 F. Supp. 2d 59, 65 (D.D.C. 2011). As such, the court "need not limit itself to the allegations in the

2

complaint," but rather, "may consider such materials outside the pleadings as it deems appropriate to resolve the question whether it has jurisdiction in the case." *Rann v. Chao*, 154 F. Supp. 2d 61, 64 (D.D.C. 2001) (citations and internal quotation marks omitted). Nor must the court "accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." *Id.* Still, in evaluating such a motion, the Court must "accept as true all of the factual allegations contained in the complaint," *Wilson v. District of Columbia*, 269 F.R.D. 8, 11 (D.D.C. 2010) (citation omitted), and should review the complaint liberally while accepting all inferences favorable to the plaintiff, *see Barr v. Clinton*, 370 F.3d 1196, 1199 (D.C. Cir. 2004).

II. **ANALYSIS**

Defendant ECAB moves to dismiss Mr. Caldwell's complaint on the ground that this Court lacks subject-matter jurisdiction. According to ECAB, Mr. Caldwell's exclusive remedy for any alleged injury incurred while he was working at the National Gallery of Art – a federal government institution – is through the administrative process set forth in the Federal Employees' Compensation Act ("FECA"). *See* Def.'s Mem. in Supp. of Mot. to Dismiss, ECF No. 3-1.

FECA is the exclusive remedy for a federal employee injured "while in the performance of his duty." 5 U.S.C. § 8102(a); *see*

*also id.* § 8116 ("The liability of the United States or an instrumentality thereof under this subchapter or any extension thereof with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States or the instrumentality to the employee[.]"); *Johansen v. United States*, 343 U.S. 427, 439, 72 S. Ct. 849, 857, 96 L. Ed. 1051 (1952) (FECA "gave the first and exclusive right to Government employees for compensation, in any form, from the United States."). FECA sets forth a process for federal employees seeking compensation for injuries sustained in the workplace, and the Act provides for an administrative review through the Office of Workers' Compensation Programs and ultimately ending in an appeal to ECAB for an employee dissatisfied with the determination of his or her claim. *See* 10 C.F.R. § 10.625; *Gallucci v. Chao*, 374 F. Supp. 2d 121, 124 (D.D.C. 2005) (setting forth administrative-review process). An appeal to ECAB is a claimant's sole remedy and is "not subject to review by another official of the United States or by a court." 5 U.S.C. § 8128(b); *see also Gallucci*, 374 F. Supp. 2d at 124 ("Administrative review is the claimant's only avenue for review of a claim because Congress precluded judicial review of claims disputes."). Thus, where FECA applies, "federal courts are without subject matter jurisdiction over covered claims."

4

*Zellars v. United States*, 05-CV-1670, 2006 WL 1050673, at *2 (D.D.C. Apr. 20, 2006).

Here, Mr. Caldwell concedes that his injury was sustained at the National Gallery of Art while he was an employee there. *See* Complaint at 11, ECF No. 1-1. Accordingly, his claim for any resulting disability was subject to FECA. *See* 5 U.S.C. § 8102(a). Indeed, Mr. Caldwell appears to have sought compensation through the Office of Workers' Compensation Programs, which ultimately resulted in an appeal of the decision on his claim to ECAB. *See* Compl. at 11-12; *see also* Def.'s Mem. in Supp. of Mot. to Dismiss at 1 (explaining that Mr. Caldwell filed a claim with the Office of Workers' Compensation Programs "based upon his claim that there was a power outage at work, fumes ensued and as a result, his eyes were burned"), ECF No. 1-1. Mr. Caldwell does not contest any of these facts. *See generally* Pl.'s Supp. to Notice of Removal, ECF No. 6.[2]

---

[2] ECAB filed its motion to dismiss on June 7, 2017. Having not received any opposition within the time prescribed, the Court directed Mr. Caldwell to respond to ECAB's motion by no later than July 19, 2017. *See* Minute Order, June 30, 2017, ECF No. 5. On July 13, Mr. Caldwell filed an amalgamation of documents – including a copy of defendant's notice of removal, various medical records, administrative records, and documents from his case in D.C. Superior Court – on one of which he wrote "I'm responding to the defendant [sic] motion!" *See* Pl.'s Supp. to Notice of Removal, ECF No. 6. The Court construes this document as Mr. Caldwell's opposition to ECAB's motion to dismiss.

5

Moreover, although it appears that Mr. Caldwell was ultimately denied compensation under FECA, *see* Complaint at 2 (alleging that he "never receive[d] any compensation for" his injury), that does not change this Court's jurisdictional inquiry. *See, e.g.*, Spinelli v. Goss, 446 F.3d 159, 161 (D.C. Cir. 2006) (where Secretary of Labor had determined that FECA applied, plaintiff's claims were not subject to review by a court despite plaintiff's allegations that he did not receive appropriate compensation); *Scott v. U.S. Postal Serv.*, No. 05-CV-0002, 2006 WL 2787832, at *4 (D.D.C. Sept. 26, 2006) (fact that plaintiff "was ultimately denied compensation under FECA based on a lack of competent medical evidence" was "immaterial to the issue of the Court's jurisdiction"); *Sullivan v. United States*, No. CIV.A.05 1418 CKK, 2007 WL 1114124, at *3-4 (D.D.C. Apr. 13, 2007) ("Notwithstanding Plaintiff's statement that 'Plaintiff has not received a penny to date,' the Court does not have any authority to question the Secretary's designation or the manner in which the Secretary issues an award to Plaintiff under FECA.")(citation omitted).

In short, because Mr. Caldwell seeks review of a decision regarding benefits for injuries allegedly sustained while in the performance of his workplace duties at a federal institution, his claims arise under FECA.  Accordingly, this Court lacks subject-matter jurisdiction over the case.

**III. CONCLUSION**

For the foregoing reasons, the Court grants the Employees' Compensation Appeals Board's motion to dismiss Mr. Caldwell's complaint for lack of jurisdiction. A separate Order accompanies this Memorandum Opinion.

**SO ORDERED.**

**SIGNED:** **Emmet G. Sullivan**
**United States District Judge**
**January 3, 2018**